UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE ALLEN HUBBARD,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　Respondent. | No.  2:21-cv-00040 WBS GGH P<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner is a state prisoner proceeding in pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's motion to stay. ECF No. 15.  Respondent has filed a statement of non-opposition.[1]  ECF No. 18.

　　　　A district court may properly stay a habeas petition and hold it in abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005).  See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).  Under Rhines, a district court may stay a mixed petition to allow a petitioner to present an unexhausted claim to the state courts. Rhines, 544 U.S. at 277.  Assuming the petition itself has been timely filed, such a stay "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court[.]" King, 564 F.3d at

---

[1] While respondent's non-opposition is not generally opposing petitioner's motion, respondent includes the following caveat: "Respondent does not suggest a stay is necessarily proper or non-futile, and noting that time constraints by the Court are essential." ECF No. 18 at 1 (citing Rhines v. Weber, 544 U.S. 269, 278 (2005).

1

1140. However, to qualify for a stay under Rhines, a petitioner must: (1) show good cause for his failure to exhaust all his claims before filing this action; (2) explain and demonstrate how his unexhausted claim is potentially meritorious; (3) describe the status of any pending state court proceedings on his unexhausted claim; and (4) explain how he has diligently pursued his unexhausted claim. Rhines, 544 U.S. at 277–78. What constitutes good cause has not been precisely defined except to indicate at the outer end that petitioner must not have engaged in purposeful dilatory tactics, Rhines, 544 U.S. at 277- 78, and that "extraordinary circumstances" need not be found. Jackson v. Roe, 425 F.3d 654, 661-662 (9th Cir. 2005); see also Rhines, 544 U.S. at 279 (Stevens, J., concurring) (the "good cause" requirement should not be read "to impose the sort of strict and inflexible requirement that would trap the unwary pro se prisoner") (internal citation omitted); id. (Souter, J., concurring) (pro se habeas petitioners do not come well trained to address tricky exhaustion determinations). "But as the Jackson court recognized, we must interpret whether a petitioner has "good cause" for a failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court should only stay mixed petitions in 'limited circumstances.' We also must be mindful that [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")] aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." Wooten v. Kirkland, 540 F.3d 1019, 1023-24 (9th Cir. 2008), quoting Jackson, 425 F.3d at 661) (internal citations omitted).

    Petitioner has not established grounds for a stay under Rhines. Primarily, petitioner has not identified which unexhausted claims he seeks to exhaust in state court.[2] Petitioner's bare assertion fails to provide sufficient details and evidence for his claim of good cause. See Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014) ("An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust.") Of course, the undersigned is cognizant that a non-opposition to a motion will usually

////

////

---

[2] On April 20, 2021, the undersigned provided petitioner an opportunity to identify the claims he seeks to exhaust in state court. ECF No. 19. Petitioner did not file a response.

result in a granting of the motion. However, the court made a simple request that the claims for exhaustion be identified, and petitioner has seemingly ignored it.

Accordingly, the undersigned will recommend that petitioner's motion to stay be denied.

IT IS HEREBY RECOMMENDED that Petitioner's motion to stay and hold the petition in abeyance (ECF No. 15) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 11, 2021

                                              /s/ Gregory G. Hollows
                                UNITED STATES MAGISTRATE JUDGE